# WILLKIE FARR & GALLAGHER LLP

787 Seventh Avenue
New York, NY 10019-6099
Tel:  212 728 8000
Fax: 212 728 8111

September 1, 2023

Honorable Mary Kay Vyskocil
Honorable Lewis J. Liman
Honorable Lorna G. Schofield
United States District Judges
United States District Court for the Southern District of New York
500 Pearl Street
New York, New York 10007

Re:    *Granite State Insurance Company v. Rainier Arms LLC*, 1:23-cv-07644-MKV (the "Rainier
       Insurance Action"); *Granite State Insurance Company, et al. v. GS Performance, LLC*, No.
       1:23-cv-07646-LJL (the "GS Performance Insurance Action"); *Granite State Insurance
       Company, et al. v. Primary Arms, LLC*, No. 1:23-cv-07651-LGS (the "Primary Arms Insurance
       Action"); *Granite State Insurance Company v. KM Tactical, LLC*, 1:23-cv-07769 (the "KM
       Tactical Insurance Action")

Dear Judges Vyskocil, Liman, and Schofield:

       We represent Granite State Insurance Company ("Granite State") and National Union Fire
Insurance Company of Pittsburgh, Pa. ("National Union").  Granite State and National Union are
insurance companies that have filed the four declaratory judgment actions referenced above
(collectively, the "Insurance Actions") against four Defendant policyholders—gun retailers Rainier
Arms LLC; GS Performance, LLC; Primary Arms, LLC; and KM Tactical, LLC.[1]  The Insurance
Actions all arise from insurance claims made by the Defendant policyholders for coverage for the same
three underlying lawsuits brought against them the New York Attorney General, the City of Buffalo
and the City of Rochester, which allege that each of the policyholders deliberately sold into their
jurisdictions parts that could be assembled into so-called "Ghost Guns" in violation of various federal,
state, and local laws.

       Pursuant to the Rules for the Division of Business Among District Judges, we write to
respectfully request that all of the Insurance Actions be designated as related and assigned to a single
District Judge.  We note that Judge Vyskocil has been assigned the Insurance Action with the lowest

---

[1]    Granite State is a Plaintiff in all four Insurance Actions, while National Union is a Plaintiff in the GS Performance
       Insurance Action and the Primary Arms Insurance Action.

September 1, 2023
Honorable Mary Kay Vyskocil
Honorable Lewis J. Liman
Honorable Lorna G. Schofield
Page 2

SDNY docket number (the Rainier Insurance Action).  All four Insurance Actions should be assigned to the same District Judge because, as explained below, they satisfy each of the factors for determining the "relatedness" of cases under Rule 13(a)(1).

**Background**

<u>The Ghost Gun Lawsuits</u>

All of the Defendant policyholders in the Insurance Actions are also defendants in three underlying lawsuits for which they seek insurance coverage from Granite State and/or National Union:

- *People of the State of New York v. Arm or Ally, LLC, et al.*, 1:22-cv-06124, pending in the U.S. District Court for the Southern District of New York before the Honorable Jesse Furman (the "NYAG Ghost Gun Lawsuit");

- *The City of Buffalo v. Smith & Wesson Brands, Inc., et al.*, No. 1:23-cv-00066-FPG, pending in the U.S. District Court for the Western District of New York (the "Buffalo Ghost Gun Lawsuit"); and

- *The City of Rochester v. Smith & Wesson Brands, Inc., et al.*, No. 6:23-cv-06061-FPG, pending in the U.S. District Court for the Western District of New York (the "Rochester Ghost Gun Lawsuit" and, together with the NYAG Lawsuit and the Buffalo Lawsuit, the "Ghost Gun Lawsuits").

The Ghost Gun Lawsuits allege that each of the policyholders engaged in substantially the same conduct and caused the same injuries.  Specifically, the Ghost Gun Lawsuits allege that each of the policyholders intentionally shipped unfinished frames and receivers—firearm components that the Lawsuits allege are easily assembled into fully functional firearms, known as "Ghost Guns"—into New York, Buffalo, or Rochester allegedly in violation of federal, state, and local laws.  The Ghost Gun Lawsuits further allege that the Defendant policyholders' shipment of unfinished frames and receivers into New York led to a foreseeable increase in gun violence.

<u>Defendants' Insurance Claims</u>

All of the Defendant policyholders seek coverage for the Ghost Gun Lawsuits under general or umbrella liability insurance policies issued by one or both of the Plaintiffs.  The relevant policies all contain the same threshold requirements to trigger coverage.  First, the underlying lawsuits must seek "damages because of bodily injury."  Second, the "bodily injury" alleged in the underlying lawsuits must arise from an "Occurrence," defined under the policies, in pertinent part, as an "accident." Granite State and National Union have denied coverage to all of the Defendant policyholders for the Ghost Gun Lawsuits because, among other reasons, those suits do not seek "damages because of bodily injury" and do not arise from an "Occurrence."

September 1, 2023
Honorable Mary Kay Vyskocil
Honorable Lewis J. Liman
Honorable Lorna G. Schofield
Page 3


<u>Procedural History</u>

On August 29, 2023, Granite State filed the Rainier Arms Insurance Action and, together with National Union, the GS Performance and Primary Arms Insurance Actions.  The Rainier Arms Insurance Action was the first of the three cases to be filed.  When Plaintiffs filed those actions, they requested that all of the actions be related to the NYAG Ghost Gun Lawsuit pending in this Court before Judge Jesse Furman.  On August 30, 2023, Judge Furman declined the GS Performance Insurance Action, finding that it was "not related" to the NYAG Ghost Gun Lawsuit.[2]  We note, however, that Judge Furman did not make any determination about whether the Insurance Actions themselves are related to one another.  The GS Performance Insurance Action was subsequently assigned to Judge Jennifer Rearden, and later reassigned to Judge Liman.  On August 31, 2023, Judge Furman also declined the Rainier Arms Insurance Action and the Primary Arms Insurance Action as not related to the NYAG Ghost Gun Lawsuit; those cases were then assigned to Judge Vyskocil and Judge Schofield, respectively.[3]  Defendants in the Rainier Insurance Action, the GS Performance Insurance Action, and the Primary Arms Insurance Action have all been served with the respective complaints in those actions.  No additional substantive developments have occurred in those cases.

On August 31, 2023, Granite State filed the KM Tactical Insurance Action.  Because Granite State was already aware that Judge Furman had declined the other Insurance Actions, it did not request that the KM Tactical Insurance Action be related to the NYAG Ghost Gun Lawsuit.  However, notwithstanding Judge Furman's decision that the Insurance Actions are not related to the NYAG Ghost Gun Lawsuit, Granite State and National Union still believe that all of the Insurance Actions are related to one another and should be before one judge.  Accordingly, when Granite State filed the complaint in the KM Tactical Insurance Action it also filed a Statement of Relatedness[4] requesting that lawsuit be related to the Rainier Insurance Action, given that lawsuit's status as the first-filed of the Insurance Actions.[5]  Through this letter, Granite State and National Union further request that, Pursuant to Rule 13, the other two Insurance Actions—the GS Performance Insurance Action and the Primary Insurance Action—be deemed related and assigned to a single District Judge.

---

[2]     *See* Text Order, *Granite State Insurance Co., et al. v. GS Performance, LLC*, No. 1:23-cv-07646-LJL (August 30, 2023) ("CASE DECLINED AS NOT RELATED").

[3]     *See* Text Order, *Granite State Insurance Co., v. Rainier Arms, LLC*, No. 1:23-cv-07644-LJL (August 31, 2023) ("CASE DECLINED AS NOT RELATED"); Text Order, *Granite State Insurance Co., v. Rainier Arms, LLC*, No. 1:23-cv-07644-LJL (August 31, 2023) ("NOTICE OF CASE REASSIGNMENT"); Text Order, *Granite State Insurance Co., v. Primary Arms, LLC et al*., No. 1:23-cv-07651-LJL (August 31, 2023) ("CASE DECLINED AS NOT RELATED"); Text Order, *Granite State Insurance Co., v. Primary Arms, LLC et al*., No. 1:23-cv-07651-LJL (August 31, 2023) ("NOTICE OF CASE REASSIGNMENT").

[4]     Statement of Relatedness, *Granite State Insurance Company v. KM Tactical, LLC*, 1:23-cv-07769 (August 31, 2023), Dkt. No. 4.

[5]     Defendant KM Tactical has not yet been served with the complaint in the KM Tactical Insurance Action, but Granite State is in the process of completing service and will do so as soon as possible.

September 1, 2023
Honorable Mary Kay Vyskocil
Honorable Lewis J. Liman
Honorable Lorna G. Schofield
Page 4

**Rule 13 Analysis**

The Insurance Actions meet all of the factors for determining the "relatedness" of cases under Rule 13(a)(1). All of the Insurance Actions "concern the same or substantially similar parties, . . . transactions, or events" and have "substantial factual overlap." *See* Rule 13(a)(1)(A-B). Indeed, all four of the Insurance Actions involve Plaintiff Granite State, and two involve Plaintiff National Union. All of the policies at issue in the Insurance Actions were issued by those Plaintiffs and all contain the same or substantially similar pertinent provisions governing coverage under the policies. Further, all of the Defendant policyholders are gun retailers that seek coverage for the same Ghost Gun Lawsuits in which all of the policyholders are alleged to have engaged in the same or substantially similar deliberate conduct and to have caused the same or substantially similar alleged injuries. On that basis, the Plaintiff insurers seek declarations that they do not owe coverage to the Defendant policyholders based on the same coverage defenses—among others, that the Ghost Gun Lawsuits do not seek "damages because of bodily injury" and do not arise from an "Occurrence"—in all of the Insurance Actions. Accordingly, the Insurance Actions "concern substantially similar parties . . . transactions, [and] events" and have "substantial factual overlap," which supports a finding of relatedness under Rule 13.

In addition, given the overlap of parties, facts, and legal arguments in all of the Insurance Actions, trying these cases before different District Judges gives rise to the risk that "the parties could be subjected to conflicting orders" that may determine how substantially similar liability policies issued by the same Plaintiff insurers must respond to substantially similar coverage claims asserted by various gun retailers that seek coverage for the same underlying lawsuits. *See* Rule 13(a)(1)(C). Further, given this overlap of parties, facts, and legal issues, deeming the Insurance Actions related and assigning them to a single District Judge would avoid the "substantial duplication of effort and expense" that would result if these four actions were to be tried before different District Judges. *See* Rule 13(a)(1)(C). For all of these reasons, the Insurance Actions satisfy the factors for determining "relatedness" under Rule 13 and, therefore, should be assigned to the same District Judge.

**Conclusion**

For all of the foregoing reasons, Plaintiffs Granite State and National Union respectfully request that all of the Insurance Actions be designated as related and assigned to a single District Judge, and note that Judge Vyskocil is presiding over the first-filed case among the Insurance Actions (the Rainier Insurance Action).

Respectfully submitted,

/s/ Christopher J. St. Jeanos

Christopher J. St. Jeanos

## <u>NOTICE OF MAILING/CERTIFICATE OF SERVICE</u>

The undersigned, an attorney, hereby certifies that he caused a copy of Letter from Christopher J. St. Jeanos, counsel for Granite State Insurance Company and National Union Fire Insurance Company of Pittsburgh, Pa, to Judges Vyskocil, Liman, and Schofield, to be served on the defendants listed below via the manner indicated below on the 1st day of September, 2023:

| | |
|---|---|
| Rainier Arms LLC,<br>2504 Auburn Way N<br>Auburn, WA 98002<br><br>*Served via federal express* | GS Performance LLC<br>1930 Air Lane Drive<br>Nashville, TN 37210<br><br>*Served via federal express* |
| Primary Arms LLC<br>3219 S Sam Houston Parkway E<br>Houston, TX 77047<br><br>*Served via federal express* | KM Tactical, LLC<br>6 SW Industrial Drive<br>Lee's Summit, MO 64081<br><br>*Served via federal express* |

DATED this 1st day of September, 2023.

Respectfully submitted,

By:   /s/  Christopher J. St. Jeanos
Christopher J. St. Jeanos
James Fitzmaurice
Willkie Farr & Gallagher LLP
787 Seventh Avenue
New York, NY 10019
(212) 728-8000
cstjeanos@willkie.com

Counsel for Granite State Insurance Company and National Union Fire Insurance Company of Pittsburgh, Pa.